UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

YESENIA A.B.,

                             Plaintiff,                **1:23-CV-2272 (KHP)**

        -against-                     **<u>OPINION & ORDER</u>**

COMMISSIONER OF SOCIAL SECURITY

                             Defendant.

-------------------------------------------------------------X

**KATHARINE PARKER, United States Magistrate Judge:**

Plaintiff Yesenia A.B. ("Plaintiff"), through her counsel Daniel Osborn ("Counsel" or "Petitioner") commenced the above-entitled action to seek judicial review of a decision by the Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for disability benefits. Petitioner filed a motion pursuant to 42 U.S.C. § 406(b)(1), for an award of attorneys' fees based on the contingency fee agreement between himself and Plaintiff.

On March 17, 2023, Plaintiff commenced this action through her counsel J. Anklowitz of Pasternack Tilker ("Anklowitz"). (ECF No. 35 ¶ 2.) In May 2023, Plaintiff engaged Petitioner to represent her in federal court for review of the Commissioner's denial of disability insurance benefits. (*Id.* ¶ 3.) On May 12, 2023, Petitioner, along with Lindsay M. Trust, filed Notices of Appearance on behalf of Plaintiff. (*Id.* ¶ 4.) That same day, Anklowitz filed a motion to substitute attorney and the undersigned signed an order granting the motion. (*Id.* ¶ 5.)

On December 28, 2023, the Court issued a Stipulation and Order granting remand. (*Id.* ¶ 8.) That same day, the Court entered judgment in favor of Plaintiff and reversed and remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (*Id.*) In a letter

1

to the Commissioner on February 14, 2024, Petitioner requested attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for 24.6 hours of attorney work at an hourly rate of $244.00 and 4.0 hours of paralegal work at an hourly rate of $100.00 for a total of $6,402.40. (*Id.* ¶ 9.)  The parties eventually agreed on an EAJA fee of $6,248.00 and entered into a Stipulation and Order to that effect. (*Id.* ¶ 10.)  On February 26, 2024, the Court issued a Stipulation and Order approving the payment of EAJA fees. (*Id.* ¶ 11.)

Upon remand to the Social Security Administration (the "Administration"), a second hearing was held before an administrative judge, after which the judge issued a fully favorable decision finding Plaintiff disabled and entitled to benefits. (*Id.* ¶ 12)  On August 12, 2025, the Administration issued a Notice of Award for Supplemental Security Income ("SSI") and on September 30, 2025, issued a Notice of Award for Disability Insurance ("SSD") and set forth the benefits payable to Plaintiff. (*Id.* ¶ 13.)  The SSI Notice of Award had a total backpay of $70,538.00 and the SSD Notice of Award had a total backpay of $103,224.00, $25,806.00 of which the Administration withheld in accordance with its general policy to withhold 25% of past due benefits to pay fees to representatives or counsel. (*Id.* ¶ 14.)  On October 17, 2025, Petitioner received the Notices of Award. (*Id.* ¶ 15.)  The Notices were originally sent to the offices of Pasternack Tilker, but not to Petitioner. (*Id.*)  On January 23, 2026, the Administration issued of a Notice of Important Information stating that it should have paid Plaintiff $69,141.74 less in SSI money and that her withheld SSI benefits will be reduced by this amount. (*Id.* ¶ 16.)

2

Petitioner seeks $25,806.00, which represents 25% of Plaintiff's past-due benefits. (ECF No. 36, at 7.)[1]  Based on the reasoning set forth below, the Court authorizes Section 406(b) fees in the amount of $25,806.00 to be paid from past-due benefits withheld by the Commissioner.[2]

**LEGAL STANDARD**

"Section 406 discretely addresses attorneys' fees expended in connection with administrative proceedings, 42 U.S.C. § 406(a), and those in connection with a challenge in court, 42 U.S.C. § 406(b)." *Bay v. Comm'r of Soc. Sec.*, No. 20 Civ. 9774 (RWL), 2025 WL 437698, at *1 (S.D.N.Y. Feb. 6, 2025).  Section 406(b) permits the Court to approve "a reasonable fee… not in excess of 25 percent of the … past-due benefits" awarded to the plaintiff. *Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002) (cleaned up) (quoting 42 U.S.C. § 406(b)(1)(A)).  A fee awarded under Section 406(b) does not operate as a fee-shifting mechanism between the litigants; rather, it represents compensation that the Social Security claimant personally pays to their own counsel. *See Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).  Courts consider three factors to determine reasonableness: (1) "whether the contingency percentage is within the 25% cap"; (2) "whether there has been fraud or overreaching in making the agreement"; and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372.

---

[1] In their Memorandum of Law in Support of Amended Motion for Attorneys' Fees, Counsel requested $8,000.00, which this Court presumes was a typographical error. (ECF No. 36, at 1.)

[2] This action is before the Court for all purposes on consent of the parties, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (ECF No. 15.)

**DISCUSSION**

First, Petitioner argues his motion was timely.  The Court agrees the motion was timely as it was filed on February 9, 2026, before the court-ordered deadline of February 11, 2026. (ECF No. 35 ¶ 17; ECF No. 33.)

Next, the fee requested by Petitioner is consistent with the three *Wells* factors.  As to the first factor, Plaintiff entered into a valid contingency fee agreement with Petitioner which states that the attorney shall charge and receive 25% of the past due benefits if Plaintiff won her case. (ECF No. 35-1.) *See also Gisbrecht*, 535 U.S. at 795.  One-fourth of past-due benefits for Plaintiff in this action is $25,806.00.  This Court is authorized to award a fee of up to 25% of past-due benefits, and since this award is in reflected in the contingency fee agreement, this factor weighs in favor of finding the requested fee reasonable.

The agreement also clearly satisfies the second *Wells* factor.  The record presents no evidence or assertions of fraud in establishing the attorney-client relationship.  As such, this factor also militates in favor of reasonableness.

The Court therefore turns to whether there will be a windfall in this case.  In determining whether there is a windfall that renders a Section 406(b) fee unreasonable, courts typically consider the de facto hourly rate; however, the lodestar calculation alone does not determine the reasonableness of a fee. *See, e.g.*, *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022) ("[C]ourts must consider more than the de facto hourly rate.").  Rather, the court must also consider four factors in addition to the de facto hourly rate: (1) "the ability and expertise of the lawyers and whether they were particularly efficient," (2) "the nature and length of the professional relationship with the claimant," (3) "the satisfaction of the disabled claimant," and

4

(4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 853-56.

There is no windfall in this case. As to Counsel's expertise and efficiency, Petitioner has substantial experience practicing this area of the law and was efficient. Petitioner spent 24.6 hours on the case, yielding a *de facto* hourly rate of $1,049.00. (ECF No. 36, at 6.) Moreover, in view of applicable case law, this rate is reasonable and in fact lower than other recent awards in this District. *See Bay*, 2025 WL 437698, at *1 (approving a *de facto* hourly rate of $1,861 and finding that it was "in line with amounts that courts have found reasonable"); *Mannouris v. Comm'r of Soc Sec.*, No. 20-cv-9790 (AT) (BCM), 2023 WL 9118792, at *3 (S.D.N.Y. Dec. 22, 2023) (approving a *de facto* hourly rate of $1,918), *report and recommendation adopted*, 2024 WL 81851 (S.D.N.Y. Jan. 8, 2024); *Hennelly v. Kijakazi*, No. 20 Civ. 4786 (JGK), 2023 WL 3816961, at *2 (S.D.N.Y. June 5, 2023) (describing a non-contingency hourly rate of $1,705.16 as "high, [but] not unprecedented"). Since the requested amount falls well within the range of other awards in this District, it is reasonable.

Further, courts in this circuit have found twenty to forty hours is a reasonable amount of time on routine Social Security cases. *See, e.g., Borus v. Astrue*, No. 09 Civ. 4723 (PAC) (RLE), 2012 WL 4479006, at *3 (S.D.N.Y. Sept. 28, 2012). Therefore, the time spent by Counsel falls squarely within (and indeed sits at the low end of) the range of what is found to be reasonable for these kinds of cases. This factor weighs in favor of a finding that the fee does not constitute an impermissible windfall.

While Petitioner's relationship to Plaintiff was relatively short in duration, this fact alone does not make the award a windfall. The second factor looks to the nature and length of the

5

professional relationship with the claimant. *Fields*, 24 F.4th at 855.  Counsel's relationship with Plaintiff spanned roughly eight months. (ECF No. 35-2.)  The representation in *Fields* spanned around a decade, and in *Fields*, the court noted that counsel represented their client at four separate hearings. 24 F.4th at 855.  The attorney-client relationship here neither spanned as long as the professional relationship in *Fields* nor did it require representation at four separate hearings.  This factor alone does not disqualify Counsel from receiving the requested fees, especially since this Court has awarded attorneys' fees in line with the figure requested even absent longstanding professional relationships. *See Thomas v. Comm'r of Soc. Sec.*, No. 23 Civ. 04642 (LJL) (GWG), 2024 WL 4942283, at *3 (S.D.N.Y. Dec. 3, 2024) (awarding attorney's fees of $2,000 per hour despite the "brief" length of the professional relationship).  Accordingly, this factor is neutral.

The third factor considers the satisfaction of the plaintiff. *Fields*, 24 F.4th at 855.  Here, this factor militates in favor of granting the requested award since Plaintiff was awarded her past-due benefits and nothing in the record suggests she was dissatisfied. *See, e.g., Finnegan v. Comm'r. of Soc. Sec.*, No. 21 Civ. 2070 (PKC), 2024 WL 4494088, at *4 (E.D.N.Y. Oct. 15, 2024) ("[T]he Court presumes that Plaintiff is satisfied with receiving the past-due benefits that he sought; there is no evidence in the record to the contrary.")  Thus, the third *Fields* factor indicates that the requested fee is not a windfall.

Finally, the fourth factor – the uncertainty that the case would result in an award of benefits and the effort it took the achieve that result – aims to prevent a lawyer from collecting an unearned advantage in a case that has very little risk of nonrecovery and requires minimal effort. *Fields*, 24 F.4th at 856.  "In the absence of a fixed-fee agreement, payment for an

attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." *Wells*, 907 F.2d at 371.  A windfall is more likely to be present in a case where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery. *See Fields*, 24 F.4th at 856. Here, due to the prior denials and rejections of benefits claims mean that the possibility of an adverse result – and with it, no recovery for counsel – remained a genuine possibility throughout this action. *See Meyer v. Acting Comm'r of Soc. Sec.*, No. 22 Civ. 5582 (LDH) (JMW), 2025 WL 2879978, at *5 (E.D.N.Y. Oct. 9, 2025) (holding that a successful result for the plaintiff did not nullify the justification of a fee request and awarding the plaintiff's attorney $23,262.00 in a similar social security matter); *Gabriel v. Comm'r of Soc. Sec.*, No. 20 Civ. 3089 (WFK) (PK), 2024 WL 5416754, at *5 (E.D.N.Y. Oct. 24, 2024) (noting the "inherent uncertainty of social security cases" along with the prior denials and rejections of benefits by an ALJ and the Appeals Council to weigh in favor of a fee request).  When considering that Counsel bore this risk for eight months, the requested fee reflects fair compensation for achieving success, not an unearned windfall.

The Court notes that, in a related case, Howard Olinsky—a different attorney--has also filed for attorneys' fees under 42 U.S.C. § 406(b) in the amount of $5,000 in connection with representing Plaintiff. *See A.B. v. Comm'r of Soc. Sec.*, No. 20-cv-11098 (VSB) (BCM), Dkt. Nos. 29-30.  However, the maximum allowable amount for counsel fees is 25% of the past-due benefits, which in this case, represents the total amount requested by Petitioner.  The Court will award the entire fee requested by the Petitioner, in the amount of $25,806.00, but the Court directs Mr. Olinsky and Petitioner to meet and confer in good faith on their relative claims and

7

to resolve any disputes among themselves.  The Court will also direct the Commissioner to pay the attorneys' fees in accordance with agency policy.

Further, the Court will require Plaintiff's Counsel to refund the EAJA fees directly to the Plaintiff, in the amount of $6,248.00. *See Gisbrecht*, 535 U.S. at 796 (cleaned up) (explaining that where a fee award is made under both EAJA and 42 U.S.C. § 406(b), claimant's attorney must "refund to the claimant the amount of the smaller fee").

## CONCLUSION

The motion is GRANTED and Petitioner is awarded attorneys' fees in the amount of $25,806.00, to be paid out in accordance with agency policy.  Upon receipt of this sum, Plaintiff's counsel shall refund directly to the Plaintiff the previously awarded EAJA fees of $6,248.00. (ECF No. 35 ¶ 10.)  **The Clerk is respectfully directed to terminate the motion at ECF No. 34.**

**SO ORDERED.**

DATED:       New York, New York
             April 1, 2026

_____

KATHARINE H. PARKER
United States Magistrate Judge

8